Deborah HAND, Plaintiff–Appellant,

v.

**NEW YORK CITY TRANSIT AUTHOR-ITY, Gen. Supt. Frederick Bennett, Dpty. Supt. Emmanuel Clouden, Spt. Milton Martin, Harry Feltmate, Leonard Akselrod, Director of Labor Relations, Rapid Transit Operations, Herbert Lambert, Allan Genser, Deborah Fitzroy, Defendants–Appellees.**

No. 05–0363.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Deborah Hand, Brooklyn, NY, for Appellant, pro se.

Balmusa Kamara (Joyce R. Ellman, on the brief), Office of the General, Counsel, New York City Transit Authority, Brooklyn, NY, for Appellees.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff Deborah Hand appeals from a September 21, 2004 judgment entered pursuant to a September 13, 2004 Opinion and Order of the District Court granting defendant New York City Transit Authority's ("NYCTA") motion for summary judgment and dismissing Hand's complaint in its entirety. Hand had filed an amended complaint dated March 9, 2001 in the District Court alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*, the New York City Human Rights Law, N.Y. City Admin. Code §§ 8–101 *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"). Hand's complaint alleged improper termination of her employment by NYCTA in retaliation for her engagement in protected activity such as reporting workplace discrimination to superiors. She raises substantially similar issues on appeal.

We assume the parties' familiarity with the underlying facts and procedural history.

■ To prevail against a municipality in a Section 1983 action predicated on unconstitutional acts by city employees, a plaintiff must demonstrate her injury to have resulted from a municipal policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The District Court correctly held that Hand showed no such

policy, custom, or practice connected to her injury and therefore correctly dismissed her Section 1983 claim.

■ Hand's Title VII claims are covered by the rule of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which establishes a three-step burden-shifting framework for evaluating retaliation claims in which (1) plaintiff must first make a *prima facie* case of retaliation, (2) the defendant employer may rebut the *prima facie* case by providing a legitimate, nondiscriminatory reason for the action taken, and (3) if defendant does so, plaintiff must then offer evidence based on which a reasonable jury could find defendant's proffered reason to be pretextual. *See Richardson v. N.Y. Dep't of Corr. Servs.,* 180 F.3d 426, 443 (2d Cir.1999). Here, the District Court correctly found that under our decision in *Collins v. NYCTA,* 305 F.3d 113 (2d Cir. 2002), Hand failed to present a *prima facie* case. In *Collins* we held that "a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link" between her protected activity and her termination. *Id.* at 119. Multiple independent factfinders, including the New York City Civil Service Commission, rejected Hand's claim of wrongful treatment by NYCTA. Because Hand has not overcome the findings that NYCTA fired her largely for arriving at work smelling of alcohol and then refusing to take an alcohol breath test and to provide sufficient urine for testing, she has not presented a *prima facie* case, and the District Court therefore correctly granted summary judgment on her Title VII retaliation claim. Summary judgment was also appropriate for the state and city claims. *See Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 565 n. 1 (2d Cir.2000) ("Our consideration of claims brought under the state and city human

rights laws parallels the analysis used in Title VII claims.").

We have considered all of petitioner's arguments and find them without merit. Substantially for the reasons stated in the Opinion and Order of the District Court, the judgment of the District Court is AFFIRMED.